## JOHN B. CHANDLER *v.* MARY HOUGH et al.

Where the plaintiff alleged, in his petition, that he was of age, and the judge could not have acted on it, unless he was satisfied of the fact, the action of the judge creates a presumption of plaintiff's majority, which can only be overthrown by clear proof of minority.

Where witnesses speak positively and minutely of facts in which they were not interested, and which happened many years before, when the witnesses were children, their testimony will not be sufficient to form a ground of belief.

APPEAL from the First District Court of New Orleans, *Larue*, J. *R. H. Marr*, for plaintiff. *R. M. Carter, W. S. Upton, A. A. Frayser, P. S. Warfield, Armand Pitot, G. B. Duncan, H. D. Ogden, C. M. Emmerson, B. C. Elliot*, and *John Winthrop*, for defendants. By the court: (*Slidell*, J., absent.)

CHANDLER
*v.*
HOUGH.

ROST, J. The plaintiff, as sole heir of the testatrix, *Rachel Bannister*, seeks to avoid the orders of the court for the sale of the property of the succession of his mother, and the judgment of homologation rendered on the final account of the executor, on two grounds :

First: That he was a minor when the judgment and orders of sale were given, and that he was not represented in them.

Second: That said orders and judgment were obtained by fraud and malpractices, in consequence of which the entire assets of the succession were wasted and dilapidated.

The defendants have denied the fraud and malpractices charged, and averred, that the plaintiff was of age and a party to all the proceedings ; and that the orders and judgment of the court, in the premises, are binding upon him.

The district judge rejected the plea of minority, but reversed the judgment of homologation as far as related to three of the defendants, and gave judgment against them for the amount allowed them in the account, reserving their rights to prove such claims as they may have against the succession. The plaintiff alone has appealed.

The testament of *Rachel Bannister*, bears date the 8th of March, 1847. She states in it, that the plaintiff was nearly twenty-one years of age. On the 8th of June, 1847, the plaintiff himself filed a petition, praying to be recognized as heir of the testatrix, in which he averred, that he was then of age. The court being satisfied of that fact, and of his right as heir, ordered him to be recognized as such. In July, 1847, before the date of the orders and judgment complained of, he presented another petition, in which he still represented himself of age, and prayed to be put into possession of the succession.

The district judge considered these acts and declarations of the mother and son, as making a *prima facia* case against the plaintiff ; and, being of opinion, that the evidence adduced to prove his minority was insufficient to destroy the effect of those acts and declarations, he rejected the plea of minority and maintained the orders of sale of the property.

Much weight is due to declarations made in testaments. The presumption of truth which the law attaches to them, is carried so far, that impossible conditions appended to the dispositions they contain, which, if found in a contract, would avoid it, on the ground, that the parties who stipulated them could not have been serious and truthful, when found in testaments, are considered as inserted inadvertently, and are reputed not written.

The declaration of the mother was followed by the petition of the plaintiff, in which he stated, that he was of age. The judge could not have acted upon that petition, unless he was satisfied of that fact. And as he did act, the presumption of *omnia rite acta*, which attaches to judicial proceedings, should prevail against the plaintiff until his minority is clearly proved. It was urged in argument, that the attorney of the executor represented him in this proceeding, and that he falsely stated he was of age, in order to legalize, by his presence in court, the frauds in which they were both engaged to his prejudice. This objection loses its weight when it is considered, that before any of the

CHANDLER
*v.*
HOUGH.

proceedings complained of took place, he employed other counsel to cause himself to be put into possession of the succession, to whom he also represented that he was of age. He now states, that his mother and himself, were in error in relation to the year of his birth; but he no where alleges in his pleadings, nor has he shown, when and in what manner he discovered the error; in the meantime, third parties have acted upon the state of facts, that he and his mother have created, and the decree of court resting upon the truth of those facts, and have paid out their money for the property of the succession, which they have purchased in good faith. We fully concur with the district judge, that the error alleged, should have been conclusively proved, and that unless it was, the plaintiff's case was not made out. The testimony offered by him on this branch of the case, was taken under commission. We have perused it with great care, and are unable to say, that it has carried conviction to our minds, or that the district judge did not give it the credit to which it was entitled. The facts in relation to which the witnesses testify, occurred in 1826 or 1827, at which time the only two who swear positively, were twelve and thirteen years of age, and one of them was a girl. Their recollection of facts and dates, in a matter in which they have no interest, is positive and minute, far too much so, to form a sufficient ground of belief. The testimony of the other witnesses is mainly conjectural, and there is nothing in it which would authorize us to interfere with the judgment.

We conclude then, that the plaintiff was of age, when he was recognized as heir of his mother, and that the orders of sale of the property of the succession, are binding upon him. *Bonâ fide* purchasers have nothing to do with the question, whether the executor sold more property than was required to pay the debts of the succession. If he did, and the plaintiff was injured thereby, his only remedy is against the executor in a proper action. He has not, in this record, proved the injury so as to entitle him to damages on that ground.

The plaintiff's counsel has expressly disclaimed any intention of charging fraud and ill practices against any of the defendants, except those against whom he has obtained a judgment annulling the decree of homologation, so far as they are concerned; and as fraud and ill practices are the only remaining grounds of the plaintiff, upon which the judgment of homologation can be annulled, it is clear, that we cannot interfere with it, so far as it settles the right of parties against whom no fraud or ill practices are alleged. As to the parties against whom judgment has been rendered, the judgment is manifestly right, and they have asked no change in it.

It is therefore ordered, that the judgment in this case be affirmed; and that the appellant pay the costs of the appeal.